UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MILVERN JAMES HOSS, JR.<br>Plaintiff, | ]<br>]<br>] |
| v. | ] No. 3:14-2270<br>] Judge Nixon |
| JENNIFER WEST, et al.<br>Defendants. | ]<br>] |

## MEMORANDUM

The plaintiff, proceeding *pro se*, is an inmate at the Rutherford County Adult Detention Center in Murfreesboro, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Jennifer West, a detective with the Murfreesboro Police Department; Andrea Knox, a detective with the Rutherford County Sheriff's Office; William Whitesell, Jr., former District Attorney General for Rutherford County; the State of Tennessee; Michael Payne, a member of the Murfreesboro Police Department; and Jennings Jones, the current District Attorney General for Rutherford County; seeking declaratory and injunctive relief.

In 1991, the plaintiff was convicted of aggravated sexual battery in Kansas. He complains that, upon his arrival in Tennessee, he has been forced to register as a sex offender and that he has been placed under community supervision for life.

This action is being brought against the defendants in their official capacities only. A suit against an individual in his/her official capacity is the equivalent of a suit against the governmental entity of which the official is an agent. Matthews v. Jones, 35 F.3d 1046,1049 (6th Cir.1994); *see also*

Will v. Michigan Department of State Police, 109 S.Ct. 2304, 2312 (1989). In essence, then, the plaintiff's claims are against the State of Tennessee, the City of Murfreesboro and Rutherford County. Hafer v. Melo, 502 U.S. 21,25 (1991); *see also* Johnson v. Dellatifa, 357 F.3d 539, 545 (6th Cir.2004).

The Eleventh Amendment bars a suit in federal court by a citizen against a state unless the state has expressly consented to suit by waiving its sovereign immunity or Congress has clearly overridden that immunity. Pennhurst State School and Hospital v. Halderman, 104 S.Ct. 900, 908 (1984); Will v. Michigan Department of State Police, *supra*. Congress has not overridden a state's sovereign immunity to civil rights complaints. Nor has the State of Tennessee consented to waive its immunity to such actions. Berndt v. Tennessee, 796 F.2d 879 (6th Cir.1986). As a consequence, the plaintiff has failed to state a claim against the state defendants acting in their official capacities.

In order to state a claim against the City of Murfreesboro and Rutherford County, the plaintiff must show that the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by those entities or their agents. Monell v. New York City Department of Social Services, 98 S.Ct. 2018 (1978). In short, for the City of Murfreesboro and Rutherford County to be liable under § 1983, there must be a direct causal link between an official policy or custom and the alleged constitutional violation. City of Canton v. Harris, 109 S.Ct. 1197 (1989). To establish the requisite causal link, the plaintiff has to "identify the policy, connect the policy to the county itself and show that the particular injury was incurred because of the execution of that policy". Garner v. Memphis Police Department, 8 F.3d 358, 363-64 (6th Cir.1993).

The plaintiff has offered nothing to suggest that his rights were violated pursuant to a policy or regulation of the City of Murfreesboro or Rutherford County. Consequently, the plaintiff has failed to state a claim against their agents acting in their official capacities.

In the absence of an actionable claim, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

John T. Nixon
Senior District Judge